```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
----------------------------------------------------------

WORLDWIDE FLIGHT SERVICES, INC.,

                         Plaintiff,

-against-

ABC, AEROLINEAS, S.A. de C.V.,
d/b/a Interjet,

                         Defendant.

----------------------------------------------------------

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _2/22/2021_

20 Civ. 6473 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    On December 21, 2020, Plaintiff, Worldwide Flight Services, Inc., moved by order to show cause for a default judgment under Federal Rule of Civil Procedure 55 and Local Civil Rule 55.2, ECF No. 33, in this action for breach of contract against Defendant, ABC, Aerolineas, S.A. de C.V. Compl. ¶ 1, ECF No. 1. For the reasons stated below, Plaintiff's motion for default judgment is GRANTED.

I.    Background

    Plaintiff, an airline ground handling business, entered into three agreements with Defendant, an airline, on June 1, 2016, July 1, 2016, and September 1, 2018, which state that Plaintiff would render ground handling services for Defendant at Miami International Airport, Houston International Airport, and McCarran International Airport in Las Vegas, respectively, in exchange for set rates of pay (the "Agreements"). *Id.* ¶¶ 2–3, 16–31. Plaintiff provided the contracted services to Defendant. *Id.* ¶ 32. Beginning with invoices submitted in January 2020, however, Defendant did not pay Plaintiff the invoiced amount, ultimately resulting in Plaintiff terminating the Agreements in June 2020. *Id.* ¶¶ 33–40.

    On August 14, 2020, Plaintiff brought this action asserting breach of contract and related claims, to recover the amount owed on the Agreements, $939,376.68. *Id.* ¶¶ 41–78. Defendant has not appeared in the action. On November 25, 2020, the Clerk of Court entered a certificate of default. ECF No. 21. On December 21, 2020, the Court issued an order directing Defendant to show cause why a default judgment should not be entered against it. ECF No. 37.

    On December 28, 2020, Plaintiff's counsel filed an affidavit attesting that the following documents were served on Defendant by personal service upon Defendant's registered agent:

1. Order to show cause, ECF No. 33;
2. Declaration of Plaintiff's counsel, Robert Selvers, with attached exhibits, ECF No. 36,
3. Declaration of Plaintiff, with attachments, ECF No. 35;
4. Statement of damages, ECF No. 35; and
5. Plaintiff's proposed default judgment, ECF No. 34;

ECF No. 38.

II.   Liability

The Court finds that Defendant defaulted by failing to answer the complaint, otherwise defend this action, or respond to the Court's order to show cause. Fed. R. Civ. P. 55(a).

Plaintiff asserts a breach of contract claim. To prevail on this claim on default judgment, Plaintiff must have sufficiently alleged "(1) the existence of a contract between itself and that defendant; (2) performance of the plaintiff's obligations under the contract; (3) breach of the contract by that defendant; and (4) damages to the plaintiff caused by that defendant's breach." *OOCL (USA) Inc. v. Transco Shipping Corp.*, No. 13 Civ. 5418, 2015 WL 9460565, at *4 (S.D.N.Y. Dec. 23, 2015) (quoting *Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 52 (2d Cir. 2011)). Here, Plaintiff has alleged the existence of three agreements, and that it performed its duties under all of them. Compl. ¶¶ 16, 21, 26, 32–37. Plaintiff has also sufficiently alleged that Defendant breached those contracts by failing to pay the invoiced amounts, without objecting through the contractual process for such objections. *Id.* ¶¶ 33–41. Plaintiff was harmed by Defendant's failure to make the required payments. Accordingly, Plaintiff is entitled to judgment on its breach of contract claim.

III.  Damages

Plaintiff seeks $939,376.68 in compensatory damages. Selvers Decl. ¶ 12. It does not seek interest, attorneys' fees, or costs. *Id.* In breach of contract actions in New York, damages are generally measured at "the amount necessary to put the plaintiff in the same economic position he would have been in had the defendant fulfilled his contract." *Indu Craft, Inc. v. Bank of Baroda*, 47 F.3d 490, 495 (2d Cir. 1995) (quotation marks omitted). Plaintiff has submitted evidence, in the form of the invoices remitted to Defendant, that had Defendant performed on the contract, it would have paid Plaintiff $939,376.68 for services rendered. Pl. Decl. ¶ 11, Ex. D. Therefore, the Court concludes Plaintiff is entitled to $939,376.68 in damages.

IV.   Conclusion

Accordingly, Plaintiff's motion for default judgment is GRANTED. Plaintiff is awarded $939,376.68 in damages.

The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: February 22, 2021
       New York, New York

_____
ANALISA TORRES
United States District Judge